

# CITY OF BOSTON
# LAW DEPARTMENT

City Hall, Room 615
Boston, MA 02201



THOMAS M. MENINO
*Mayor*

MERITA A. HOPKINS
*Corporation Counsel*

October 25, 2005

Civil Clerk's Office
United States District Court
For the District of Massachusetts
One Courthouse Way
Boston, MA  02210

      Re:    *Raiche v. City of Boston et al*
              Civil Action No. 05-12081MLW

Dear Sir/Madam:

    Enclosed for filing in the above referenced matter, please find the documents obtained from Suffolk Superior Court with respect to Removal of this action.

    Thank you for your attention to this matter. If you have any further questions, please do not hesitate to contact me.

                                            Sincerely,

                                            Karen A. Glasgow
                                            Assistant Corporation Counsel
                                            (617) 635-3238

cc:    Gabriela Mendoza, Esq. w/o docs

# Commonwealth of Massachusetts

SUFFOLK, ss.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. 05-3508

Matthew Raiche, Plaintiff(s)

v.

City of Boston, P.O. J. Pietroski and P.O. J. Coyne, Defendant(s)

## SUMMONS

To the above-named Defendant: City of Boston, City Hall, Boston, MA

You are hereby summoned and required to serve upon Gabriela Mendoza of Mendoza & Associates plaintiff's attorney, whose address is 450 Washington St. #308, Dedham MA 02026 an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, Barbara J. Rouse, Esquire, at Boston, the 23rd day of September, in the year of our Lord two thousand five.

Michael Joseph Donovan
Clerk/Magistrate

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED
(1) TORT  (2) MOTOR VEHICLE TORT  (3) CONTRACT  (4) EQUITABLE RELIEF  (5) OTHER

FORM CIV.P. 1 3rd Rev.

I HEREBY ATTEST AND CERTIFY ON
OCT. 18, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK

MASXP-20050816            **Commonwealth of Massachusetts**            10/17/2005
guen                          SUFFOLK SUPERIOR COURT                    03:43 PM
Case Summary
Civil Docket

### SUCV2005-03508
### Rainche v Pietroski et al

| | | | | | |
|---|---|---|---|---|---|
| **File Date** | 08/15/2005 | **Status** | Disposed: transfered to other court (dtrans) | | |
| **Status Date** | 10/17/2005 | **Session** | C - Civil C, 3 Pemberton Square, Boston | | |
| **Origin** | 1 | **Case Type** | E03 - Action against Commonwealth/municpl | | |
| **Lead Case** | | **Track** | A | | |
| **Service** | 11/13/2005 | **Answer** | 01/12/2006 | **Rule12/19/20** | 01/12/2006 |
| **Rule 15** | 11/08/2006 | **Discovery** | 10/04/2007 | **Rule 56** | 12/03/2007 |
| **Final PTC** | 04/01/2008 | **Disposition** | 08/14/2008 | **Jury Trial** | Yes |

### PARTIES

**Plaintiff**
Matthew Rainche
Active 08/15/2005

**Private Counsel 636627**
Gabriela Mendoza
Law Offices of Mendoza & Associa
450 Washington Street Suite 305
Dedham, MA 02026
Phone: 781-326-2929
Fax: 781-326-4088
Active 08/15/2005 Notify

**Defendant**
Jamie Pietroski
Service pending 08/15/2005

**Defendant**
James Coyne
Service pending 08/15/2005

**Defendant**
City of Boston
Served: 09/30/2005
Served (answr pending) 10/11/2005

**Private Counsel 648688**
Karen Glasgow
Boston (City of) Law Dept
1 City Hall Plaza
Room 615
Boston, MA 02201
Phone: 617-635-3238
Fax:
Active 10/17/2005 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 08/15/2005 | 1.0 | Complaint filed with request for trial by juryall issues |
| 08/15/2005 | | Origin 1, Type E03, Track A. |

**Commonwealth of Massachusetts**
**SUFFOLK SUPERIOR COURT**
Case Summary
Civil Docket

## SUCV2005-03508
### Rainche v Pietroski et al

| Date | Paper | Text |
|---|---|---|
| 08/15/2005 | 2.0 | Civil action cover sheet filed |
| 10/11/2005 | 3.0 | SERVICE RETURNED: City of Boston(Defendant) (in hand) |
| 10/17/2005 | | Certified copy of petition for removal to U. S. Dist. Court of Deft. City Of Boston U. S. Dist.#(05-CA12081MLW). |
| 10/17/2005 | | Case REMOVED this date to US District Court of Massachusetts |

**EVENTS**

I HEREBY ATTEST AND CERTIFY ON

OCT. 18, 2005 , THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

## COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss                                           SUPERIOR COURT
                                                      C.A. NO:
                                                      05-3508

MATTHEW RAICHE,
   Plaintiff

v.                                                    COMPLAINT

JAMIE PIETROSKI, JAMES COYNE
AND THE CITY OF BOSTON,
   Defendants

### INTRODUCTION

1. This action is brought pursuant to 42 U.S.C. §1983 and the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and under M.G.L. c. 258, to obtain redress for the deprivation of rights secured by the Federal and State Constitutions.

2. It is alleged that the Defendant Jamie Pietroski and James Coyne, police officers for the City of Boston Police Department, made an unreasonable seizure of the person of Matthew Raiche, violating his rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution; and that Defendant Jamie Pietroski and James Coyne assaulted and battered Matthew Raiche and damaged his personal property. It is further alleged that the City of Boston is liable for the negligence of its employee police officers in the performance of their public duties.

### PARTIES

3. Matthew Raiche (hereinafter referred to as "Raiche") was at all material times a resident of Boston, Suffolk County, Commonwealth of Massachusetts.

4. Jamie Pietroski (hereinafter referred to as "Officer Pietroski") was at all times relevant to this Complaint a duly appointed and acting officer of the City of Boston Police Department, acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Boston.

5. James Coyne (hereinafter referred to as "Officer Coyne") was at all times relevant to this Complaint a duly appointed and acting officer of the City of Boston Police Department, acting under color of law, to wit, under color of

1

|     | |
| --- | --- |
|     | the statutes, ordinances, regulations, policies, customs and usages of the Commonwealth of Massachusetts and/or the City of Boston. |
| 6.  | The City of Boston, Massachusetts, is a municipal corporation and the public employer of the said Officers Pietroski and Coyne. |

## ALLEGATIONS OF FACT

|     | |
| --- | --- |
| 7.  | On or about August 17, 2005 at 2:50 a.m., at the intersection of Hillside and St. Alphonsus Streets in Roxbury section of Boston the incident to this action occurred. |
| 8.  | Officers Pietroski and Coyne were patrolling at the intersection of Calumet Street and Huntington Avenue when they observed Raiche operating a Kawasaki motorcycle without a helmet. |
| 9.  | Raiche was operating his motorcycle at a safe speed to his friend's garage on the corner of St. Alphonsus and Hillside Streets. |
| 10. | On Hillside Street, Raiche noticed the patrol car approaching behind him with its blue lights. |
| 11. | Raiche stopped and pulled immediately over to the side behind a parked car. |
| 12. | The Officers pulled up diagonally from Raiche's left rear. |
| 13. | The Officer who operated the patrol car got out, ran directly towards Raiche and proceeded to tackle Raiche while he was still sitting on the motorcycle. |
| 14. | As the operating Officer tackled Raiche, the Officer's force smashed the motorcycle to the ground and Raiche was knocked down against the pavement. |
| 15. | Raiche hit the ground headfirst since his legs were caught up in the motorcycle. |
| 16. | Raiche's head made a loud thud as it hit the pavement causing crushing pain to shoot through his head and neck. |
| 17. | The operating Officer grabbed Raiche's arms and twisted them behind Raiche's back with an overly excessive thrust. |
| 18. | The initial pummeling crushed Raiche's face into the pavement. |
| 19. | The passenger Officer "restrained" Raiche by driving his knee into Raiche's neck which caused his face to drag     into the pavement. |

20. Raiche did not struggle; however, he did request that the Officers ease up on the force to his left arm since it could come out of its socket.

21. Both Officers disregarded Raiche's request and proceeded to abusively place him under custody.

22. The humiliation and embarrassment Raiche experienced was utterly beyond what any human being should be expected to endure. Raiche felt as though his dignity was cast aside due to the flagrant abusive behavior displayed by both Officers.

23. As they left the scene of the incident, Raiche requested if the Officers could turn off the motorcycle. The Officers informed Raiche that the towing company would take care of the motorcycle.

24. The passenger Officer informed Raiche that in the State of Massachusetts helmets need to be worn after Raiche commented that he should have been wearing glasses.

25. At the Police Station, after being handcuffed for a short period of time, Officer Coyne took Raiche for processing and fingerprinting.

26. Before taking Raiche to get photographed for his "mug shots", the Officers took Raiche to the bathroom for him to clean up his face.

27. After processing, Raiche was taken to a cell where he attempted to make a phone call but the phone did not seem to be functioning.

28. Later on, another police officer from the morning shift took Raiche for processing once again because there was some problem with Raiche's photographs and/or fingerprints.

29. Raiche's roommate bailed him out after posting $40.00.

30. Thereafter, Raiche picked up his motorcycle from Schlager Towing Company, where he noticed that the motorcycle would not start and was totaled.

31. At no time during the above events described did Raiche commit any criminal offenses, physically resist or assault Officers Pietroski and Coyne in any way.

32. As a direct and proximate result of the said acts of Officers Pietroski and Coyne, Raiche suffered the following injuries and damages:

   a. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from an unreasonable

3

   search and seizure of his person and from the use of excessive, unjustified, cruel and unusual punishment.

  b. Loss of his physical liberty;

  c. Physical pain and suffering and emotional trauma and suffering requiring the expenditure of money for treatment; and

  d. Loss and/or damage of personal property.

## JURISDICTION

33. The Superior Court possesses inherent common law jurisdiction and statutory jurisdiction over the Plaintiff's claims of tort. The Superior Court derives jurisdiction of the Plaintiff's claims against the Cit of Boston from the Massachusetts Tort Claims Act, M.G.L.c. 258, sec. 3. The Superior Court derives jurisdiction of the Plaintiff under the Massachusetts Civil Rights Act claims from M.G.L.c. 12, sec. 11. The Superior Court possesses jurisdiction of the Plaintiff's claims under the Federal Civil Rights Act, 42 U.S.C. sec. 1983.

### COUNT I – M.G.L.c. 258 (M.T.C.A.)
Matthew Raiche v. City of Boston

34. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 33 of this Complaint.

35. At the time of the incident described above, Defendant Officers Pietroski and Coyne were "public employees" and were "acting within the scope of their employment" within the meaning of those terms defined in M.G.L. c. 258, §1.

36. The City of Boston is a "public employer" of Defendant Officers Pietroski and Coyne within the meaning of that term as defined in M.G.L. c. 258, §1.

37. Plaintiff Raiche, through his attorney, complied with the statutory prerequisite for filing a claim for negligence against the City of Boston as a public employer. Plaintiff Raiche presented the Mayor of the City of Boston and the City of Boston Legal Department with notice of his claim by serving a substantial written account of the incidents on July 15, 2004. A copy of the letter and Certified Mail Receipts are attached as **Exhibit A**.

38. The City of Boston has failed to deny the claim within six months of presentation and Plaintiff Raiche and the City of Boston have failed to reach final arbitration, settlement or compromise of the claim as provided in M.G.L. c. 258, §4. Thus, Plaintiff Raiche's claim is deemed denied.

4

39. Officials of the employer City of Boston hired, retained, supervised and trained Officer Pietroski and Officer Coyne with such recklessness, gross negligence, and ordinary negligence as to render the Defendant City of Boston liable for all damages proximately caused to Plaintiff Raiche, under M.G.L.c. 258, §2.

40. As a direct and proximate result of the acts and/or omissions of the Defendant City of Boston, Plaintiff Raiche was forced to suffer physical injury, endure great anguish of mind, and incur personal property damages and other damages and expenses.

### COUNT II – 42 U.S.C. §1983
Matthew Raiche v. Officer Jamie Pietroski and Office James Coyne

41. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 40 and makes them paragraph 41 of the Second Count.

42. At all times material to this Complaint, Defendant Officers Pietroski and Coyne were acting under color of law, statutes, ordinances and regulations of the Commonwealth of Massachusetts, the City of Boston and the City of Boston Police Department.

43. By the actions described above, Defendant Officers Pietroski and Coyne deprived Plaintiff Raiche of his clearly established and well settled rights, protected by the Fourteenth Amendment to the United States Constitution, to be free from deprivation of his right to life and liberty without due process of law and/or equal protection of the law from reckless, arbitrary and/or capricious actions of city agency officials.

44. By engaging in the conduct described above, Defendant Officers Pietroski and Coyne acted intentionally, willfully, wantonly and recklessly to deprive Plaintiff Raiche of his rights and privileges and immunities guaranteed by the Constitution and laws of the United States and by the Constitution and laws of the Commonwealth of Massachusetts.

45. As a direct and proximate result of the acts and/or omissions of Defendant Officers Pietroski and Coyne, Plaintiff Raiche was forced to endure great anguish and anxiety, was forced to suffer severe emotional and painful physical injury and was subjected to humiliation and degradation.

### COUNT III – G.L.c. 12, §§11H and I (M.C.R.A.)
Matthew Raiche v. Officer Jamie Pietroski and Officer James Coyne

46. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 45 and makes them paragraph 46 of the Third Count.

47. Defendant Officers Pietroski and Coyne, by means of threat, intimidation and coercion interfered or attempted to interfere with Plaintiff Raiche's exercise of rights secured by the United States Constitution and the Massachusetts Declaration of Rights.

48. Defendant Officers Pietroski and Coyne's conduct as described herein violated Plaintiff's civil rights under G.L.c. 12, §11H.

## COUNT IV – NEGLIGENCE
Matthew Raiche v. Officer Jamie Pietroski and Officer James Coyne, in their official and individual capacities

49. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 48 and makes them paragraph 49 of the Fourth Count.

50. Defendant Officers Pietroski and Coyne (herein "The Defendants")in their official capacities were negligent in failing to take reasonable steps in guaranteeing Plaintiff Raiche's health and/or safety.

51. The Defendants were negligent in applying excessive and unreasonable force against Plaintiff Raiche when arresting him.

52. The Defendants were negligent in failing to assume responsibility for Plaintiff Raiche's safety and well being.

53. The Defendants were negligent in failing to assume responsibility for Plaintiff Raiche's personal property.

54. The Defendants were negligent by ignoring Plaintiff's requests regarding his arms.

55. The Defendants were negligent by failing to provide medical care and/or treatment for Plaintiff Raiche's injuries.

56. Such other negligent and improper actions by the Defendants as may be discovered in the further investigation of this matter.

## COUNT V – ASSAULT AND BATTERY
Matthew Raiche v. Officer Jamie Pietroski and Office James Coyne

57. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 56 and makes them paragraph 57 of the Fifth Count.

58. By engaging in the conduct described above, the Defendant Officers Pietroski and Coyne committed an assault and battery against the Plaintiff Raiche.

59. As a result of this assault and battery, Plaintiff Raiche suffered injuries and damages as described above.

## COUNT VI – FALSE ARREST AND ILLEGAL IMPRISONMENT

60. Plaintiff hereby incorporates by reference the allegations set forth in paragraphs 1 through 59 and makes them paragraph 60 of the Sixth Count.

61. By engaging in the conduct described above, the Defendant Officers Pietroski and Coyne illegally arrested and illegally imprisoned Plaintiff Raiche.

62. As a result of the false arrest and illegal imprisonment, Plaintiff Raiche suffered damages as aforesaid.

## PRAYER OF RELIEF

**WHEREFORE,** Plaintiff Matthew Raiche requests that this Honorable Court grant the following relief:

A) Award appropriate compensatory damages against the Defendants;

B) Award punitive damages against the Defendants;

C) Award Plaintiff all reasonable costs and attorney's fees; and

D) Such other relief as this Honorable Court deems just and proper as provided by law.

## PLAINTIFF DEMANDS A JURY TRIAL ON ALL CLAIMS SO TRIABLE

I HEREBY ATTEST AND CERTIFY ON
OCT. 18, 2005, THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK.

DATED: August 15, 2005

The Plaintiff
By His Attorneys,

Gabriela Mendoza, BBO#636627
Law Offices of Mendoza & Associates
450 Washington Street, Suite 305
Dedham, MA 02026
Tel.: (781) 326-2929

7

# EXHIBIT A

## MENDOZA & ASSOCIATES
ATTORNEYS AT LAW
**142 MAIN STREET, SUITE 403**
**BROCKTON, MA 02301**

Telephone: (508) 580-5122
Facsimile:  (508) 580-5170

Gabriela Mendoza

Mayté Ramos
*Of Counsel*

July 15, 2004

The Honorable Thomas Menino
Mayor of Boston
One City Hall Square
Boston, MA 02201

    RE:    Claimant:    Matthew Raiche
            Date of Loss: 08/17/2002

Dear Mayor Menino:

    Pursuant to Massachusetts General Laws, chapter 258, §4, the Massachusetts Tort Claims Act; and 42 United States Code, §1983, we are hereby presenting a claim against the City of Boston on behalf of our client Matthew Raiche (DOB: 07/21/1981). This claim arises from the injuries suffered at hands of the City of Boston Police Department on August 17, 2002.

    The incident occurred on or about August 17, 2002 at 2:50 a.m., on the intersection of Hillside Street and St. Alphonsus Street in Roxbury. Mr. Raiche was arrested and unlawfully assaulted and battered by Boston Police Officers Jamie Pietroski and James Coyne.

    Police Officers Pietroski and Coyne were patrolling on the intersection of Calumet Street and Huntington Avenue when they observed Mr. Raiche operating a Kawasaki motorcycle without a helmet. Mr. Raiche was riding his motorcycle at a safe speed to his friend's garage on the corner of St. Alphonsus and Hillside Streets. On Hillside Street, Mr. Raiche noticed the patrol car approaching behind him with their blue lights. Mr. Raiche stopped at the stop sign and pulled immediately over to the side of St. Alphonsus Street behind a parked car.

    The Police Officers pulled up diagonally from Mr. Raiche's left rear with the patrol car's headlights facing him. The Police Officer who operated the patrol car got out, ran directly towards Mr. Raiche and proceeded to tackle him while Mr. Raiche was sitting on the motorcycle. As the operating Police Officer tackled Mr. Raiche, his force

smashed the motorcycle to the ground and Mr. Raiche was knocked down against the pavement. Mr. Raiche hit the ground headfirst since his legs were caught up in the motorcycle. His head made a loud thud as it hit the ground causing crushing pains to shoot through his head and neck. As Mr. Raiche hit the ground, the operating Police Officer, with great force, grabbed his arms and twisted them behind Mr. Raiche's back with an overly excessive thrust. This initial pummeling crushed Mr. Raiche's face into the pavement. The second Police Officer's so called "restraining" of Mr. Raiche by driving his knee into Mr. Raiche's neck caused Mr. Raiche's face to be again dragged into the pavement. Mr. Raiche did not struggle; however, he did plead that the Police Officer ease up on the force to his left arm since it came out of its socket. Both Police Officers disregarded Mr. Raiche's pleadings and proceeded to abusively place him under custody. The humiliation and embarrassment Mr. Raiche experienced was utterly beyond what any human being should be expected to endure. Mr. Raiche felt as though his dignity as a human being was cast aside because of the flagrant abusive behavior displayed by the police officers. The memory of this unwarranted, abysmal violation of Mr. Raiche's dignity and human rights will always be with him.

As the parties left the scene of the incident, Mr. Raiche requested if the Police Officers could turn off the motorcycle. The Police Officers responded by informing Mr. Raiche that the towing company driver would take care of the motorcycle. The passenger Police Officer informed Mr. Raiche that in the State of Massachusetts helmets need to be worn after Mr. Raiche commented that he should have been wearing glasses.

At the Boston Police Station, after being handcuffed for a short period of time, Officer Coyne took Mr. Raiche for processing and fingerprinting. However, before the Police Officers took Mr. Raiche's photograph ("mug shots'), they had Mr. Raiche use the bathroom to clean up his face.

After processing, Mr. Raiche was taken to a cell and he attempted to make a phone call. The phone did not seem to be operating. Later on, another Police Officer from the morning shift took Mr. Raiche for processing again because there was some problem with Mr. Raiche's photograph and/or fingerprints.

A Police Officer served McDonald's breakfast and made phone calls for the arrestees. Mr. Raiche's roommate bailed him out after posting $40.00 (forty dollars). Mr. Raiche then picked-up his motorcycle at Schlager Towing Company, where he noticed that the motorcycle would not start and was totaled.

The Boston Police Officers Coyne and Pietroski subjected Mr. Raiche to hostile physical brutality and intimidation, which the Constitution of the United States and the Commonwealth of Massachusetts prohibit. The physical abuse and assault inflicted upon Mr. Raiche by the Boston Police Officers was objectively unreasonable in the totality of the facts and circumstances known by the Boston Police Officers at the time of their actions. The physical abuse, assault and property damage inflicted upon Mr. Raiche was committed under color of law without legal justification and constituted and unreasonable and excessive use of force violating Mr. Raiche's civil rights.

The injuries sustained by Mr. Matthew Raiche were proximate result of the actions and/or omissions and negligence of the City of Boston, the Boston Police Department, the Mayor of the City of Boston, Police Officers James Coyne and Jamie Pietroski in their official and individual capacities.

The physical and emotional pain that Mr. Raiche suffered and endured, the damage to his personal property and the violation of his civil rights occurred as a result of the unlawful acts, omissions and procedures of the Boston Police Department and Police Officers James Coyne and Jamie Pietroski. Such acts included, but were not limited to, the following:
- Failure to assume responsibility for Mr. Raiche's safety and well being;
- Failure to provide prompt medical care;
- Such other negligent and improper actions as may be discovered in the further investigation of this matter

Mr. Raiche's specific rights, which were violated were the following:
- The right to freedom from the use of excessive, unjustified and unreasonable force;
- The right to be secure in his person,
- The right to Due Process and Equal Protection of the Law;
- The right against Cruel and Unusual Punishment;
- The right to Freedom from Deprivation of Life and Liberty without Due Process of Law;
- Such other rights guaranteed under the laws of Massachusetts and the Declaration of Rights to the Constitution of the Commonwealth;
- Such other rights, including those set forth above, which are guaranteed under the laws of the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and 42 United States Code §§1981, 1983, 1986 and 1988.

Mr. Matthew Raiche seeks just and adequate compensation for the injuries and losses arising from the above-mentioned to the full extent provided under Massachusetts law or a higher sum in the event that the ceiling for such awards is amended prior to resolution of this matter. Failing satisfactory negotiation of this claim, suit shall be filed on behalf of Mr. Raiche. Furthermore, Mr. Raiche reserves the right to file suit in the appropriate court, pursuant to 42 U.S.C. §1983, which provides for compensatory and punitive damages as well as attorney's fees.

Inquiries regarding this incident and the damages resulting therefrom should be directed to our attention. Thank you for you anticipated cooperation and professionalism on this matter.

Very truly yours,

Gabriela Mendoza

Sean Barkowsky

cc: Matthew Raiche
Mayte Ramos, Esq.
City of Boston Legal Department

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE
BOSTON MA 02201

| | | |
|---|---|---|
| Postage | $ 0.60 | UNIT ID: 0401 |
| Certified Fee | 2.30 | Postmark Here |
| Return Reciept Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: XM3KOB |
| Total Postage & Fees | $ 4.65 | 07/15/04 |

Sent To: City of Boston Legal Dept
Street, Apt. No.; or PO Box No.: One City Hall Sq.
City, State, ZIP+4: 02201

PS Form 3800, June 2002   See Reverse for Instructions

7004 0550 0001 0561 5555

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   CITY OF BOSTON
   LEGAL DEPT.
   ONE CITY HALL SQ.
   BOSTON, MA 02201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: Joseph E. McDermott   ☐ Agent ☐ Addressee
B. Received by (Printed Name): Joseph E. McDermott   C. Date of Delivery: JUL 16 2004
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7004 0550 0001 0561 5555

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

---

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com

OFFICIAL USE
BOSTON MA 02201

| | | |
|---|---|---|
| Postage | $ 0.60 | UNIT ID: 0401 |
| Certified Fee | 2.30 | Postmark Here |
| Return Reciept Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: XM3KOB |
| Total Postage & Fees | $ 4.65 | 07/15/04 |

Sent To: THE MAYOR OF BOSTON
Street, Apt. No.; or PO Box No.: ONE CITY HALL SQ.
City, State, ZIP+4: BOSTON, MA 02201

PS Form 3800, June 2002   See Reverse for Instructions

7004 0550 0001 0561 5548

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

   THE HONORABLE THOMAS MENINO
   MAYOR OF BOSTON
   ONE CITY HALL SQ.
   BOSTON, MA 02201

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature: Joseph E. McDermott   ☐ Agent ☐ Addressee
B. Received by (Printed Name): Joseph E. McDermott   C. Date of Delivery: JUL 16 2004
D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below: ☐ No

3. Service Type
   ☒ Certified Mail   ☐ Express Mail
   ☐ Registered       ☐ Return Receipt for Merchandise
   ☐ Insured Mail     ☐ C.O.D.
4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number (Transfer from service label): 7004 0550 0001 0561 5548

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) 05-3508 C | Trial Court of Massachusetts Superior Court Department County: _____ |
|---|---|---|

PLAINTIFF(S) Matthew Raiche

DEFENDANT(S) City of Boston
Police Officers James Pietroski & James Coyne

ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE
Gabriela Mendoza
Mendoza & Associates
450 Washington St. #305, Dedham MA 02026
Board of Bar Overseers number: 636627   (781) 326-2929

ATTORNEY (if known)

### Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO. E03    TYPE OF ACTION (specify): Against Municipality    TRACK: A    IS THIS A JURY CASE? (X) Yes ( ) No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................. $
2. Total Doctor expenses ............................................. $1,000.00
3. Total chiropractic expenses ....................................... $
4. Total physical therapy expenses ................................... $
5. Total other expenses (describe) Bail, Towing .................... $1,000.00
   Subtotal $
B. Documented lost wages and compensation to date .............. $
C. Documented property damages to date ......................... $15,000.00
D. Reasonably anticipated future medical and hospital expenses ... $5,000.00
E. Reasonably anticipated lost wages ............................ $
F. Other documented items of damages (describe) ................ $22,000.00
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
Defendant Officers Pietroski & Coyne interfered with Plaintiff Matthew Raiche's exercise
of rights secured by the U.S. Constitution and the Mass Declaration of Rights.
As a result, Plaintiff Raiche suffered damages including personal injury $500,000.00
to his body and damage to his personal property.   TOTAL $522,000.00

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

TOTAL $ ..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____ DATE: 8/15/05

-6 mtc005-11/99
C. 1-2000

I HEREBY ATTEST AND CERTIFY ON
OCT. 18, 2005 THAT THE
FOREGOING DOCUMENT IS A FULL,
TRUE AND CORRECT COPY OF THE
ORIGINAL ON FILE IN MY OFFICE,
AND IN MY LEGAL CUSTODY.

MICHAEL JOSEPH DONOVAN
CLERK / MAGISTRATE
SUFFOLK SUPERIOR CIVIL COURT
DEPARTMENT OF THE TRIAL COURT

BY: _____
ASSISTANT CLERK

# CIVIL ACTION COVER SHEET
## INSTRUCTIONS

### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| | CONTRACT | | | | REAL PROPERTY | | | | MISCELLANEOUS | |
|---|---|---|---|---|---|---|---|---|---|---|
| A01 | Services, labor and materials | (F) | C01 | Land taking (eminent domain) | (F) | E02 | Appeal from administrative | (X) |
| A02 | Goods sold and delivered | (F) | C02 | Zoning Appeal, G.L. c.40A | (F) | | Agency G.L. c. 30A | |
| A03 | Commercial Paper | (F) | C03 | Dispute concerning title | (F) | E03 | Action against Commonwealth | |
| A08 | Sale or lease of real estate | (F) | C04 | Foreclosure of mortgage | (X) | | Municipality, G.L. c.258 | (A) |
| A12 | Construction Dispute | (A) | C05 | Condominium lien and charges | (X) | E05 | All Arbitration | (X) |
| A99 | Other (Specify) | (F) | C99 | Other (Specify) | (F) | E07 | c.112,s.12S (Mary Moe) | (X) |
| | **TORT** | | | | | | E08 | Appointment of Receiver | (X) |
| B03 | Motor Vehicle negligence- | | | **EQUITABLE REMEDIES** | | E09 | General contractor bond, | |
| | personal injury/property damage | (F) | D01 | Specific performance of contract | (A) | | G.L. c.149,s.29,29a | (A) |
| B04 | Other negligence-personal | | D02 | Reach and Apply | (F) | E11 | Workman's Compensation | (X) |
| | injury/property damage | (F) | D06 | Contribution or Indemnification | (F) | E14 | Chapter 123A Petition-SDP | (X) |
| B05 | Products Liability | (A) | D07 | Imposition of Trust | (A) | E15 | Abuse Petition, G.L.c.209A | (X) |
| B06 | Malpractice-medical | (A) | D08 | Minority Stockholder's Suit | (A) | E16 | Auto Surcharge Appeal | (X) |
| B07 | Malpractice-other(Specify) | (A) | D10 | Accounting | (A) | E17 | Civil Rights Act, G.L.c.12,s.11H | (A) |
| B08 | Wrongful death,G.L.c.229,s2A | (A) | D12 | Dissolution of Partnership | (F) | E18 | Foreign Discovery proceeding | (X) |
| B15 | Defamation (Libel-Slander) | (A) | D13 | Declaratory Judgment G.L.c.231A | (A) | E96 | Prisoner Cases | (F) |
| B19 | Asbestos | (A) | D99 | Other (Specify) | (F) | E97 | Prisoner Habeas Corpus | (X) |
| B20 | Personal Injury-Slip&Fall | (F) | | | | E99 | Other (Specify) | (X) |
| B21 | Environmental | (A) | | | | | | |
| B22 | Employment Discrimination | (F) | | | | | | |
| B99 | Other (Specify) | (F) | | | | | | |

**TRANSFER YOUR SELECTION TO THE FACE SHEET.**

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | ☒ Yes  ☐ No |

## SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

**A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT, BUFF COLOR PAPER.**

**FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**